

# Fourth Court of Appeals
## San Antonio, Texas

August 27, 2019

No. 04-19-00565-CV

Christopher **EARLY**,
Appellant

v.

**TEXAS MUTUAL INSURANCE CO.**,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 17-07-0426-CVW
Honorable Russell Wilson, Judge Presiding

# O R D E R

On August 7, 2019, appellant filed a notice of appeal stating his intention to appeal a judgment he states was signed on August 7, 2019, in trial court cause number 17-07-0426-CVW. On August 21, 2019, the trial court clerk filed a copy of appellant's notice of appeal in this court with a copy of a final judgment signed in the underlying cause on January 30, 2019. On August 23, 2019, appellee filed a letter questioning this court's jurisdiction to consider appellant's appeal, noting the final judgment was signed on January 30, 2019, and the notice of appeal was filed six months after the final judgment was signed. Also on August 23, 2019, the trial court clerk filed a notification of late record asserting the notice of appeal was not timely filed and stating appellant has failed to pay the fee for preparing the clerk's record.

Although a notice of appeal generally is required to be filed within thirty days after a final judgment is signed, a restricted appeal must be filed within six months after the judgment is signed. *See* TEX. R. APP. P. 26.1; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time). The final judgment signed by the trial court grants the appellee's motion for summary judgment. "[W]hen a party neither files a response nor appears at the hearing on a summary judgment motion, a restricted appeal is permissible." *Samples v. Dall. Cty. Special Civil Serv. Comm'n*, No. 05-14-00920-CV, 2015 WL 7873720, at *4 (Tex. App.—Dallas Dec. 4, 2015, no pet.) (mem. op.).

In the absence of a clerk's record, this court cannot determine whether appellant's notice of appeal was timely filed. It is therefore ORDERED that appellant provide written proof to this court within ten (10) days of the date of this order that either (1) the clerk's fee has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. If appellant fails to respond within the time provided, this appeal will be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of August, 2019.

Keith E. Hottle,
Clerk of Court